**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4802**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TIMOTHY TOWAN KELLY, a/k/a Big Hurt, a/k/a Hurt,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., Chief
District Judge.  (3:07-cr-00155-JFA-8)

Submitted: July 30, 2009          Decided: August 11, 2009

Before MICHAEL, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James A. Brown, Jr., LAW OFFICE OF JAMES BROWN, JR., PA,
Beaufort, South Carolina, for Appellant.  Stacey Denise Haynes,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Timothy Towan Kelly pled guilty to conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base ("crack"), five kilograms or more of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Kelly to 240 months' imprisonment. Kelly timely appealed.

Kelly's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the Government breached the plea agreement by failing to withdraw the 21 U.S.C. § 851 (2006) information seeking an enhanced minimum penalty based on Kelly's prior felony drug conviction, but concluding that there are no meritorious grounds for appeal. Kelly was advised of his right to file a pro se supplemental brief, but he did not file one. Finding no meritorious grounds for appeal, we affirm.

Kelly was charged with a drug trafficking conspiracy and other offenses. The Government also filed an information pursuant to 21 U.S.C. § 851, seeking an enhanced minimum penalty based on Kelly's prior felony drug conviction. This enhancement increased the statutory mandatory minimum sentence from ten years to twenty years. Pursuant to a plea agreement, Kelly agreed to plead guilty to the conspiracy count and the

Government agreed to seek dismissal of the remaining counts. The plea agreement also provided that if Kelly cooperated with the Government and his cooperation was "deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense," the Government would withdraw the § 851 enhancement. The Government did not withdraw the § 851 information and Kelly was sentenced to the enhanced statutory minimum sentence of 240 months in prison.

Kelly contends that the Government breached the plea agreement by failing to withdraw the § 851 enhancement. Because he did not raise this issue in the district court, we review the claim for plain error. Puckett v. United States, 129 S. Ct. 1423, 1428 (2009). A plea agreement is breached when a Government promise that induces the plea goes unfulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971). Here, the Government did not fail to fulfill any promises. The decision as to whether Kelly provided substantial assistance was within the Government's discretion and, in any event, the parties acknowledged at sentencing that Kelly did not provide substantial assistance. Accordingly, Kelly is not entitled to relief on this claim.

In accordance with Anders, we have reviewed the record for any meritorious issues for appeal and have found none.

3

Thus, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED